UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARYL KEITH BURNETT, JR., | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:18-CV-262-JD-MGG |
| EDWARD FOX, et al., | |
| Defendants. | |

OPINION AND ORDER

Daryl Keith Burnett, Jr., a prisoner without a lawyer, filed a complaint against Edward Fox, Michael Moon, and Keith Wilson. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Burnett alleges he was terminated from his job at the Indiana State Prison recycling center on May 6, 2016. Officer Edward Fox and Sergeant Michael Moon, who supervised the recycling department, signed the termination paperwork, alleging that Burnett had removed property from the recycling area. However, after an investigation, Major Nowatski found Burnett had been wrongfully terminated. Subsequently, Moon sent an e-mail to Fox and Lieutenant Keith Wilson, stating he had signed the evaluation

in error. He recommended Burnett's reinstatement as a recycling employee and the removal of the negative evaluation from Burnett's file.

Following Burnett's reinstatement, Burnett told Fox, Moon, and Wilson that their conduct had been unprofessional and the report had defamed his good name and reputation. He told them he believed "their unprofessional conduct was unacceptable, and should never happen again." ECF 2 at 6. On June 16, 2016, Burnett was terminated for a second time. Fox filled out Burnett's termination paperwork, stating Burnett "did not show up to work" and "has displayed this type of behavior before." *Id.* Once again, Major Nowatski investigated and determined Burnett had been wrongfully terminated, finding that Burnett's absences were either justified or did not occur. However, Moon did not rehire Burnett, and Burnett remained unemployed until August 12, 2016. As a result of his unemployment and wrongful terminations, Burnett suffered "emotional distress, major depression, and mental anguish." *Id.* at 8.

Burnett claims the defendants retaliated against him for exercising his First Amendment rights by terminating his job. To state a claim of First Amendment retaliation, the plaintiff must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the Defendant's decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)). "To state a cause of action for retaliatory treatment, a complaint need only allege a chronology of events from which retaliation may be inferred." *Black v. Lane*, 22 F.3d

1395, 1399 (7th Cir. 1994) (internal quotation marks omitted)). The complaint plausibly states a retaliation claim, and Burnett may proceed on this claim.

Next, Burnett asserts that the defendants denied him procedural due process in violation of the Fourteenth Amendment when they terminated him on June 16, 2016, without a hearing. To establish a procedural due process violation, a prisoner must demonstrate the state deprived him of a liberty or property interest arising from the Due Process Clause or created by state law. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). The Seventh Circuit has established the Due Process Clause does not afford prisoners a liberty or property interest in their jobs. *Id.*; *Wallace v. Robinson*, 940 F.2d 243, 247 (7th Cir. 1991) (en banc). Additionally, the complaint does not suggest that Burnett has a liberty or property interest in his job created by state law. Thus, Burnett's procedural due process claim must be dismissed.

Finally, Burnett alleges a state law claim of defamation against the defendants. Under the Indiana Tort Claims Act, a tort claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision and its risk management commission within 180 days of the loss. *VanValkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992); Ind. Code § 34-13-3-8. The notice requirement applies not only to political subdivisions but also to employees of political subdivisions. *Id.* Here, Burnett offers nothing to suggest that he complied with the notice requirements of the Indiana Tort Claims Act. Therefore, the state law claim of defamation is dismissed.

For these reasons, the court:

(1) GRANTS Daryl Keith Burnett, Jr., leave to proceed against Edward Fox, Michael Moon, and Keith Wilson in their individual capacities for compensatory and punitive damages for retaliating against him by terminating him from his recycling center job on June 16, 2016, in violation of the First Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Edward Fox, Michael Moon, and Keith Wilson at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Edward Fox, Michael Moon, and Keith Wilson respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 27, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT