UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARYL KEITH BURNETT JR., | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:18-CV-262-DRL-MGG |
| EDWARD FOX, et al., | |
| Defendants. | |

OPINION AND ORDER

Daryl Keith Burnett, Jr., a prisoner without a lawyer, proceeds on a First Amendment claim against Edward Fox, Michael Moon, and Keith Wilson terminating his employment on June 16, 2016, in retaliation for complaints regarding their professionalism and harm to his reputation. The parties have filed cross-motions for summary judgment, which remain pending. In the defendants' motion for summary judgment, they argue that Mr. Burnett has not shown that his complaints motivated the termination, and they say Mr. Burnett would have been terminated even absent such complaints.

The defendants provided Mr. Burnett with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 92. The notice informed Mr. Burnett of the consequences of forgoing a response. It advised that, unless he disputed the facts presented by the defendants, the court could accept those facts as true. *See* Fed. R. Civ. P. 56(e). It further advised that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a). Mr. Burnett requested and received extensions of time to prepare a response to the defendants' motion for summary judgment and a reply in support of his motion for summary judgment. ECF 105, ECF 106, ECF 108. Nevertheless, Mr. Burnett did not file these briefs.

Mr. Burnett also filed a motion for default judgment, arguing that the defendants failed to file a response to his motion for summary judgment. ECF 93. In response, the defendants filed a motion

for leave to amend their motion for summary judgment to reflect that it was also their response to Mr. Burnett's motion for summary judgment. ECF 94. They explain that they did not file a timely response due to a calendaring error. Though the court expects all parties to abide by deadlines, these circumstances do not warrant the harsh sanction of default judgment, particularly in light of their pending summary judgment briefing. *See Sun v. Bd. of Trustees of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007) ("This Circuit has a well-established policy favoring a trial on the merits over a default judgment."). Therefore, the court grants leave to amend and denies the motion for default judgment.

FACTS

According to the complaint and the attached exhibits, Mr. Burnett was terminated from his job at the recycling center at the Indiana State Prison on May 6, 2016. ECF 2-1 at 2. Officer Edward Fox and Sergeant Michael Moon, who supervised the recycling department, signed the termination paperwork, which alleged that Mr. Burnett had removed property from the recycling area. *Id.* On May 9, Sergeant Moon emailed Officer Fox and Lieutenant Keith Wilson, stating that he was unable to obtain a written statement from the correctional officer who had witnessed the theft.[1] *Id.* at 4. He recommended Mr. Burnett's reinstatement as a recycling employee and the removal of the negative evaluation from Mr. Burnett's record. *Id.*

Following Mr. Burnett's reinstatement, on May 17, Mr. Burnett complained to Officer Fox, Sergeant Moon, and Lieutenant Wilson that their conduct had been unprofessional and the report had defamed his good name and reputation. ECF 2 at 6. He told them he believed "their unprofessional conduct was unacceptable and should never happen again." *Id.* Sometime thereafter, Mr. Burnett did not show up for work because correctional staff did not unlock his cell. *Id.* On June 16, 2016, Mr.

---

[1] Mr. Burnett does not allege that Sergeant Moon made a mistake but instead alleges that he intentionally lied about the unauthorized removal of property. The court will not accept these types of characterizations at the summary judgment stage without some evidence of malicious intent. *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record.").

Burnett was terminated for a second time. ECF 2-1 at 6. Officer Fox filled out Mr. Burnett's termination paperwork, stating:

> Did not show up to work and continues to come down to back street when he is circled off. Offender Burnett does not meet the standards of this department. He has displayed this type of behavior before.

*Id.* Major Nowatski investigated Mr. Burnett's termination. ECF 2 at 6-7. On June 22, a correctional officer confirmed that Mr. Burnett was unable to show up for work because he was locked in his cell. *Id.* Officer Fox, Sergeant Moon, and Lieutenant Wilson told Major Nowatski that surveillance cameras recorded Mr. Burnett in the cellhouse during scheduled work hours, but Major Nowatski found that these recordings were during times when the recycling center was closed. *Id.* Despite this information, Sergeant Moon did not rehire Mr. Burnett, and Mr. Burnett remained unemployed until August 12, 2016, when he was approved for an apprenticeship course. ECF 2-1 at 8. As a result of his unemployment and wrongful terminations, Mr. Burnett suffered emotional distress, major depression, and mental anguish. ECF 2 at 8.

At his deposition, defense counsel asked Mr. Burnett about the statement that he went to the recycling center even when he was not scheduled to work. ECF 91-1 at 14. He responded:

> Okay. As far as me continuing to walk back there, I don't walk back there unless I'm let out of my cell by staff to go to work. So therefore I would not be in an unauthorized area unless staff let me out to go to work, which would be on staff doing the wrong thing and not me, simply because staff is only to let me out when I'm going to work. So I would never be in an unauthorized area unless staff let me out of my cell to go to work, which results in the reporting officers or the supervisors over the recycling job making up false reports because they already understand that I do not have they keys to my cell. They understand that I'm not supposed to be let out of my cell at midnight. So they're going to keep me locked in, so they know when to let me out of my cell and when not to let me out of my cell, which result in me being where I'm supposed to be pursuant to staff letting me out of my cell.

*Id.*

DISCUSSION

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

Mr. Burnett asserts that the defendants violated his First Amendment rights by terminating him on June 6, 2016 in retaliation for his complaints about their professionalism and his reputation. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). "Once the plaintiff proves that an improper purpose was a motivating factor, the burden shifts to the defendant . . . to prove by a preponderance of the evidence that the same actions would have occurred in the absence of the protected conduct." *Spiegla v. Hull*, 371 F.3d 928, 943 (7th Cir. 2004); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996).

As an initial matter, the record contains no evidence to suggest that Sergeant Moon or Lieutenant Wilson were personally involved with Mr. Burnett's termination. Further, it is unclear why Mr. Burnett believes that his comments motivated Officer Fox to terminate him. His belief may be based on timing and the misleading statements in the termination paperwork. While there are many ways to demonstrate retaliatory motive, timing alone is rarely sufficient to create a factual dispute for claims of retaliation. *Kidwell v. Eisenhauer*, 679 F.3d 957, 966 (7th Cir. 2012); *Williams v. Snyder*, 367 F.

App'x 679, 682 (7th Cir. 2010). "For an inference of causation to be drawn solely on the basis of a suspicious-timing argument, we typically allow no more than a few days to elapse between the protected activity and the adverse action." *Kidwell*, 679 F.3d at 966. Because one month elapsed between the comments to Officer Fox and his termination, the court finds that the timing alone is insufficient evidence of a retaliatory motive for purposes of summary judgement.

Though Officer Fox's statements regarding Mr. Burnett's lack of compliance with his work schedule may have been misleading, there is little to suggest that these statements were intentionally misleading or were retaliatory in nature. Significantly, Mr. Burnett does not deny that he failed to appear at work when scheduled or that he had appeared at work when he was not scheduled. Instead, he represents that the correctional staff are responsible for these mistakes because only they have control over whether he is allowed to leave his cell. While Mr. Burnett may not always be at fault for these mistakes, there is no evidence to suggest that Officer Fox was aware that Mr. Burnett was not acting of his own volition when Officer Fox prepared the termination paperwork in June 2016.

Further, even if the court accepts Mr. Burnett's characterization of the defendants' statements as a sequence of lies intended to result in the termination of his employments, when there is no evidence to support such a sweeping viewpoint, it does not follow that Mr. Burnett's criticism regarding a lack of professionalism motivated these statements. Significantly, the first termination occurred eleven days before Mr. Burnett criticized the defendants for making false statements. This demonstrates that any plan to terminate Mr. Burnett on false grounds necessarily predated any First Amendment activity contained in the record. This, in turn, suggests either that Mr. Burnett's criticism did not motivate the termination or that Mr. Burnett would have been terminated even absent the criticism. Though the court does not condone the practice of terminating employment based on false accusations of misconduct, this practice alone does not violate the First Amendment.

5

Based on the record, the court concludes that no reasonable jury could find that Mr. Burnett's criticism motivated Officer Fox to terminate him or that Sergeant Moon and Lieutenant Wilson were personally involved in the termination. Therefore, the court grants the defendants' motion for summary judgment and denies Mr. Burnett's motion for summary judgment. As a result, no claims remain in this case.

For these reasons, the court:

(1) GRANTS the motion to amend (ECF 94);

(2) DENIES the motion for default judgment (ECF 93);

(3) DENIES the plaintiff's motion for summary judgment (ECF 40);

(4) GRANTS the defendants' motion for summary judgment (ECF 90);

(5) DIRECTS the clerk to enter judgment in favor of defendants and to close this case.

SO ORDERED.

January 14, 2020                     *s/ Damon R. Leichty*
                                     Judge, United States District Court